IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. McCARTHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-643-DRH |
| | ) |
| WARDEN DAVIS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He also seeks leave to proceed *in forma pauperis* (Doc. 2).[1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

---

[1]  In his *in forma pauperis* motion, Petitioner checked "no" on page 2, indicating that he has ***not*** filed any lawsuits in any federal court at any time while he was incarcerated.  However, the Court takes judicial notice that the United States District Court for the District of Connecticut has enjoining Petitioner from filing any further litigation in that district without first obtaining the court's explicit permission, listing 136 cases filed by Plaintiff in a five-year period.  *See McCarthy v. Meachum*, 1996 Westlaw 905938, Case No. 3:94-cv-238-HBF (D. Conn., Nov. 15, 1996).  The Court therefore considers Petitioner's "no" response as a blatant attempt to mislead the Court; such misrepresentations will not be tolerated.

corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner's grounds for relief are presented quite succinctly: "I was denied due process at disciplinary hearings between 1999 through 2004."  As relief, he asks the Court to "expunge all reports and restore good time and privileges."  Although a court is required to give a liberal reading to pro se pleadings, the instant petition does not state a claim upon which relief may be granted.  First, Petitioner does not state which specific disciplinary proceedings are at issue, or where they occurred, or what the charges were.  Further, he makes no specific allegations that he was denied any particular due process procedures required by the Supreme Court.  *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).  Finally, he attempts to lump his challenges to all disciplinary proceedings into one habeas pleading, although he should file a separate case to challenge each separate disciplinary proceeding in which he lost good conduct credit.  *See* 28 U.S.C. § 2241; *see generally Piggie v. Cotton*, 342 F.3d 660 (7th Cir. 2003).

In summary, Petitioner has not stated a claim upon which relief may be granted, and this habeas action does not survive review under Rule 4.  Accordingly, the motion for leave to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED** without prejudice to Petitioner filing a separate new habeas corpus petition to challenge each separate disciplinary proceeding.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   September 28, 2005.**

/s/   David RHerndon
**DISTRICT JUDGE**